Gholson, J.
This is a petition in error to reverse the judgment of the district court of Defiance county. The case has been submitted without argument, and under an agreement between the parties. The allegations of error in the petition extend to the action of the court in refusing to discharge an order of attachment obtained by the plaintiff, and also to certain rulings upon the trial. The affidavit for the attachment was alleged to be insufficient, and, at the same time the truth of the charge was denied, and counter-affidavits of *319 the defendant and others were offered in evidence. There were also offered and read additional affidavits on the part of the plaintiff.
The affidavit contains one of the grounds authorized by the statute, and in the language of the statute. The objection chiefly relied on, that the circumstances from which an intent to defraud is inferred, are not set forth, has been already considered during the present term, in the case of Harrison and Wiley v. King, Carey & Howe (ante, p. 388). There has been a difference of practice in the *state; but for the reasons stated in that case, we do not feel disposed to hold insufficient the more liberal rule as to the character of the statements in an affidavit — a rule sanctioned, we think, as well by the decision of the court in the case of Hockspringer v. Ballenburg, 16 Ohio, 304, as also from an implied legislative recognition.
We have examined the affidavits as to the truth of the facts charged in the affidavit. In assigning the reasons for his decision, upon that part of the motion, the judge of the court of common pleas appears to have supposed that, the charge being made, it must be disproved by a clear preponderance of evidence, thus assuming that the burden of proof in such a case was thrown on the defendant. To this reasoning we can not assent. If the charge be made by the plaintiff and denied, and nothing appears, to authorize greater credit to be given to the statements of the plaintiff than to those of the defendant, the attachment ought to be discharged. When the charge is made and denied, the burden of proof is, we think, thrown on the plaintiff, and he ought to satisfy the court that the charge he has made is well founded.
We have felt bound to look at the affidavits from a different point of view from that taken in the court below, and considering that the plaintiff was bound to make good his charge, to inquire whether the decision of the comrt, in sustaining it, was clearly and manifestly wrong. There is doubtless some discrepancy in the statements of the different persons who gave affidavits, but there is this clear advantage on the part of the plaintiff, that distinct and positive acts and declarations are charged, which are not met by the defendant; while the statements in his affidavits are, to a great extent, not matters of fact, but of belief in the good conduct and intention of the defendant. This -appears to have been felt by the defendant, for it is shown that he desired to produce rebutting evidence, which was refused by the judge, and is one of the grounds *320 of error alleged in the petition. In. this, there may possibly have *been injustice done to the defendant, but it is a matter resting entirely in the discretion of the judge who heard the motion. Undoubtedly, before a motion of this kind is brought on, and heard, each party should be required to file his affidavits for the inspection of the other party, so that he may not be taken by surprise. But if, without this precaution, the hearing of the motion is brought on, and the affidavits for the first time offered and read, whether there shall be a postponement for other affidavits, is to be determined by the judge who hears the motion, and his action, one way or the other, can not bo assigned as matter of error.
"We have examined the two bills of exceptions taken to the ruling of the court in the rejection of evidence. One of these is governed by the principle just declared. It was clearly a matter of discretion — the allowing the party to state matters as rebutting' testimony which should have been stated upon his examination in chief. If any case can justify a strict application of this rule, it is when applied to the examination of the parties to the case as witnesses. The other bill of exceptions is taken to the ruling of the court that a certain question and answer were irrelevant. Only the question and answer are set out in the bill of exceptions. No other evidence is stated, so that the connection of the evidence claimed to be competent might be seen, and the court of errors placed in a position to decide whether the evidence was properly rejected. We can not, therefore, allow this exception. The judgment must be affirmed.
Brinkerhoee, O. J., and Scott and Sutliee, JJ., concurred.
Peck, J., concurred as to second proposition of the syllabus, but dissented as to the first.